# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL STORM**
        Petitioner,

v.                                                                            **Case No. 10-C-0416**

**UNITED STATES OF AMERICA and**
**U.S. PAROLE COMMISSION,**
        Respondents.

## ORDER

Petitioner Daniel Storm filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the collection in this district of a fine imposed by the district court for the Northern District of Illinois in Case No. 86-CR-57. In that case, on January 16, 1987, Judge Holderman sentenced petitioner to a total of ten years' incarceration, a $125,000 fine, and a special parole term of life on drug charges. See United States v. Rollins, 862 F.2d 1282, 1286-87 (7th Cir. 1989).

In June of 2003, the government charged petitioner with new drug offenses in this district. He pleaded guilty, and on August 19, 2004, Judge Clevert sentenced him to 79 months' imprisonment followed by five years of supervised release.

On January 18, 2006, petitioner filed a motion to dismiss and/or for relief from judgment relating to the fine imposed by the district court in Case No. 86-CR-57, which was assigned to me as a miscellaneous matter. The Financial Litigation Unit ("FLU") of the U.S. Attorney's Office in Chicago had transferred collection of the fine to the FLU in this district in 1993, and the matter was assigned Case No. 93-MISC-400 for purposes of accounting for any funds.

Following efforts by the FLU to collect, petitioner sought an order terminating the fine and the government's efforts to collect it. Petitioner was, at that time, incarcerated at FCI-Elkton in Lisbon, Ohio on the 2003 marijuana case. On September 26, 2006, I dismissed the motion for lack of jurisdiction.

In September 2009, petitioner was released from prison on the 2003 case. On May 14, 2010, petitioner filed the instant petition under 28 U.S.C. § 2241 claiming that the U.S. Probation Office in this district was demanding, on threat of revocation, that he make installment payments on the 1987 fine, which, he argued, had expired under applicable statutory provisions. I noted that § 2241 could be used to challenge the manner in which a sentence was being executed, but that it generally could not be used to annul a portion of the underlying sentence. I directed the government to respond, and it indicated that it had closed its collection file related to this fine, making the case moot. Petitioner replied that this action did not prevent the Probation Office from seeking revocation if he failed to pay. The Probation Office later sought revocation in the 2003 case – but based on other violations, unrelated to the 1987 fine – and on March 9, 2012, Judge Clevert revoked petitioner's supervised release and sentenced him to 18 months in prison with no supervision to follow.

Petitioner is no longer under supervision on the 2003 case from this district. He remains on parole in the 1986 case, but it appears that no further efforts to collect the fine have been made. Petitioner has, in subsequently filed cases, complained about other actions by parole officials but not any efforts to collect the fine. Accordingly, any challenge under § 2241 to the execution of his existing parole sentence related to the fine is moot. The fine itself is not a form of custody that can be challenged under § 2241. See Ryan v. United States, 688 F.3d 845, 849 (7th Cir. 2012); see also Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

**THEREFORE, IT IS ORDERED** that this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2014.

                        /s Lynn Adelman  
                        LYNN ADELMAN  
                        District Judge