# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL STORM**
          **Petitioner,**

          **v.**                                                    **Case No. 10-C-0416**

**UNITED STATES OF AMERICA and**
**U.S. PAROLE COMMISSION,**
                    **Respondents.**

## ORDER

Pursuant to Fed. R. Civ. P. 59(e), petitioner Daniel Storm moves for relief from the ordering dismissing this case. To obtain relief under Rule 59(e), petitioner must demonstrate a manifest error of law or fact, or present newly discovered evidence. Vesely v. Armslist LLC, 762 F.3d 661, 666 (7th Cir. 2014). Rule 59 may not be used to rehash previously rejected arguments, id., or to present evidence that could have been presented earlier, Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013).

As indicated in my dismissal order, in this case petitioner challenged the collection in this district of a fine imposed by the district court for the Northern District of Illinois in 1987 in Case No. 86-CR-57. He claimed that the U.S. Probation Office in this district (where he was then being supervised on both the 1986 case on which he remained on special parole, and a 2003 case originating in this district on which he was serving a term of supervised release) was demanding, on threat of revocation, that he make installment payments on the 1987 fine, which, he argued, had expired under applicable statutory provisions. I noted that 28 U.S.C. § 2241 could be used to challenge the manner in which a sentence was being executed, but that

it generally could not be used to annul a portion of the underlying sentence. I directed the government to respond, and it indicated that it had closed its collection file related to this fine, making the case moot. Petitioner replied that this action did not prevent the Probation Office from seeking revocation if he failed to pay. The Probation Office later sought revocation in the 2003 case – but based on other violations, unrelated to the 1987 fine – and on March 9, 2012, another judge in this district revoked petitioner's supervised release and sentenced him to 18 months in prison with no supervision to follow.

In 2014, after his release from prison on the revocation sentence, petitioner filed two additional § 2241 actions challenging his continuation on special parole in the 1986 case, as well as certain conditions imposed by the Parole Commission. (Case No. 14-C-405; Case No. 14-C-1037.) In neither of those cases did he mention any efforts to collect the 1987 fine. Nor did he submit anything further in this case. I accordingly found that any challenge under § 2241 to the execution of his existing parole sentence related to the fine was moot, that the fine itself was not a form of custody that could be challenged under § 2241, see Ryan v. United States, 688 F.3d 845, 849 (7th Cir. 2012); see also Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999), and that the action should therefore be dismissed.

In his Rule 59 motion, petitioner extracts a comment from the government's response in one of his new cases to argue that the fine remains an issue. In Case No. 14-C-405, petitioner challenged, inter alia, the Parole Commission's imposition of a financial monitoring condition. In defense of that condition, government counsel stated:

> There is a rational basis in the record for the Commission's decision to impose the financial disclosure condition on petitioner because of his convictions for income tax evasion and providing a false statement to obtain a notary certificate, and his deceptive behavior while on supervision. Moreover, petitioner owes over $250,000 in court-ordered fines and the government has an interest in whether

2

petitioner has the ability to pay his fines. The Parole Commission did not act unreasonably in concluding that it would assist those responsible for his parole supervision if petitioner were required to disclose his financial records. Imposition of the financial disclosure condition on petitioner was clearly "reasonably related to . . . the history and characteristics of the parolee," given his record. Thus, in imposing the financial disclosure condition upon petitioner, the Parole Commission complied with the requirements of 18 U.S.C. §4209(a). Having complied with the statutory requirement of linking the financial disclosure condition to petitioner's history and characteristics and to the protection of the public welfare, it was within the discretion of the Parole Commission to decide whether the condition was warranted. The Commission's conclusion that the condition was necessary in this case is unreviewable. Therefore, petitioner's challenge to the imposition of the condition must be dismissed.

(Case No. 14-C-405, R. 14 at 10-11, citation omitted). Petitioner argues that the government's reference to the fine as a partial rationale for the financial disclosure condition means that it has not truly closed the book on the fine. After discussing several cases concerning collateral consequences and mootness, he concludes that the collateral consequences associated with the imposition of this special condition suffice to confer on him "in custody" status.

The Parole Commission's records conclusively show that imposition of the financial disclosure condition had nothing to do with the 1987 fine. In her request that the Commission impose this condition, the probation officer, after discussing a purported movie production based on one of petitioner's books, petitioner's requests to travel throughout the United States relative to the production, and his plan to purchase residences in Florida, stated: "Given Mr. Storm's prior history for fraudulent behavior and obtaining goods and services through fraudulent means, it is the position of the U.S. Probation Office that he provide the requested verification of the movie production and the money that will be used to purchase residences." (Case No. 14-C-405, R. 14-3 at 41.) The officer accordingly requested that the Commission modify petitioner's conditions to include access to financial information. The Commission added the condition (id. at 43) and in rejecting petitioner's appeal stated:

3

> Based upon your record of committing fraud and deception, the National Appeals Board finds that this special condition is needed to protect the public from further crimes by you, to provide adequate supervision, and it is reasonably related to your characteristics and criminal history. The Board finds no merit to your claim that this condition of parole will infringe on privacy rights. Your request for a hearing to reconsider the Commission's decision is denied and the special condition is affirmed.

(Id. at 44.)

The Parole Commission made no reference to the fine in imposing the financial disclosure condition, and petitioner did not, prior to the dismissal of this case, argue that this condition defeated the government's mootness argument. Nor does petitioner claim that anyone is trying to collect the fine. There is accordingly no reason to revisit the dismissal of this case.

**THEREFORE, IT IS ORDERED** that petitioner's Rule 59 motion (R. 18) is **DENIED**. The Clerk is directed to enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge